# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff
Below, Respondent**

**vs) No. 13-0271** (Marion County 12-F-198)

**Michelle Elaine Butler aka Michelle Rehm,
Defendant Below, Petitioner**

**FILED**

March 31, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michelle Elaine Butler's appeal, by counsel Holly Turkett, arises from the Circuit Court of Marion County's February 1, 2013, order sentencing her to one to ten years of incarceration, but suspending the sentence and placing her on probation, following her conviction for financial exploitation of an incapacitated person. The State, by counsel Robert D. Goldberg, filed a response in support of the circuit court's order. On appeal, petitioner alleges ineffective assistance of counsel leading to an involuntary plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, petitioner was arrested for mishandling money belonging to an adult for whom petitioner was caregiver. The person was incapacitated due to legal blindness and petitioner was charged with transferring $24,728.32 from his account to a joint account and then using the funds for her own use, including transferring some funds to her personal account. Bond was set at $10,000 and petitioner was remanded to the North Central Regional Jail and appointed counsel. On September 7, 2012, petitioner's counsel filed a motion for a bond reduction and the circuit court scheduled a hearing on the matter for September 24, 2012. In the intervening time, petitioner wrote a handwritten letter to the circuit court alleging that her counsel was not affording her constitutionally effective assistance. Petitioner emphasized her need for a bond reduction in order to tend to her disabled and unemployed husband, claiming that she had contacted every bondsman in Marion County but all had refused to post her bail. At the hearing on September 24, 2013, the circuit court stayed petitioner's bond modification, but excused her first counsel from representing petitioner. The circuit court subsequently appointed new counsel. On October 10, 2012, a grand jury indicted petitioner on one count of financial exploitation of an incapacitated adult. In November of 2012, the circuit court again denied petitioner's request for a reduced bond.

1

Later that month, petitioner and counsel failed to appear at her plea hearing, so it was rescheduled for December 7, 2012, at which time petitioner accepted her plea. Petitioner was read and provided a copy of her post-conviction rights at that hearing. By order entered February 1, 2013, the circuit court sentenced petitioner and released her on probation. It is from this order that petitioner appeals.

This Court has stated as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl., *In re Dandy*, 224 W.Va. 105, 680 S.E.2d 120 (2009) (per curiam).

On appeal, petitioner alleges multiple errors in her representation below, including that her counsel had little contact with her, did not appear at the first plea hearing, and failed to follow through with investigating her defense. The petitioner raises a claim of ineffective assistance of counsel in this direct criminal appeal. Traditionally, an ineffective assistance of counsel claim is not cognizable on direct appeal because of the insufficiency of the record from the criminal trial.

> We have urged counsel repeatedly to think of the consequences of raising this issue on direct appeal. Claims that an attorney was ineffective involve inquiries into motivation behind an attorney's trial strategies. *See State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Without such facts trial counsel's alleged lapses or errors will be presumed tactical moves, flawed only in hindsight. What is more, in the event a defendant pursues his claim on direct appeal and it is rejected, our decision will be binding on the circuit court through the law of the case doctrine, 'leaving [defendant] with the unenviable task of convincing the [circuit court] judge that he should disregard our previous ruling.' *U.S. v. South,* 28 F.3d 619, 629 (7th Cir.1994). That is why in *Miller* we suggested that a defendant who presents an ineffective assistance claim on direct appeal has little to gain and everything to lose.

*State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 317 n.1, 465 S.E.2d 416, 419 n.1 (1995).

We decline to address this issue on direct appeal because the record is insufficient. The claim of ineffective assistance of counsel would more appropriately be raised in a petition for writ of habeas corpus.

Furthermore, our review of the record, and in particular, the plea hearing transcript, does not support finding that petitioner's plea was involuntary. Rule 11(d) of the West Virginia Rules of Criminal Procedure provides:

*Ensuring that the plea is voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the state and the defendant or the defendant's attorney.

Petitioner's trial counsel stated at the plea hearing that prior to that hearing he explained to petitioner her rights, what the State would need to prove to convict her, what evidence the State had. Petitioner's counsel represents that she made a voluntary and knowledgeable plea. Additionally, petitioner testified at the plea hearing that she was ready to enter the guilty plea, that she read and discussed the plea with counsel, that the plea reflects the agreement she had with the State regarding the case's disposition, and that she understood she and the State were bound by the terms of the plea agreement. Petitioner further stated that no one had made any promises to get her to plead guilty, that no one had promised leniency for her to plead guilty, that no one had guaranteed probation, and that the plea was signed as a free and voluntary act. The circuit court engaged in a long colloquy with petitioner and met the requirements of due process before concluding that petitioner knowingly, intelligently, and voluntarily waived her rights.

Therefore, for the foregoing reasons, we affirm the circuit court's February 1, 2013, sentencing order.

Affirmed.

**ISSUED**: March 31, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3